## No. 14,287.

### J B. MOUNT ET AL. VS. L. R. HARRELL.

#### SYLLABUS.

Tracts of land were sold by defendant to plaintiffs and each tract, except one, was sold as containing a stated number of acres.

The vendor, when the parties met to complete the deed, swore that he said to the vendees that he was not prepared to give correct descriptions of the land and that vendees requested him to complete the deed by describing the tracts as correctly as possible. This was not contradicted.

The vendor sold all the land he owned in the locality named. The vendees claim that there is a deficiency and sue for diminution of the price. There is deficiency in the number of acres in the tracts named, but there is no deficiency if all the lands in the locality, not designated by the names and the number of acres, is taken into account.

*Held*—That in making up the total number of acres sold, defendant is entitled to include the acres not described with those described. All the tracts were of about equal value per acre and the nature of the land about the same.

APPEAL from the Twenty-first Judicial District, Parish of Pointe Coupeé—*Claiborne, J.*

*Montgomery & Percy (Saunders & Gurley,* of Counsel), for Plaintiffs, Appellants.

*Yoist & Hewes,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiffs, alleging a deficiency in the number of acres of land they bought from the defendant, sue for a diminution of the price.

Defendant sold a number of tracts to the plaintiffs, describing each tract by name, but not by boundaries, and giving the number of acres contained in each tract, not mentioning the total acreage of all the tracts. On examination, we find six thousand five hundred and seventy-nine acres is the number.

Plaintiffs' contention is that six hundred and forty and 86-100 acres

of land in the tract known as the "Glass tract" and three hundred and twenty acres in the "McCajah Barrow" tract and three hundred and ninety-one and 80-100 acres in the "Butler Gilbert" tract go to make up the tract of land called "Dr. Rigney" of two thousand two hundred and fifty (2250) acres; that these tracts are by the description sold twice and thereby increase the acreage one thousand three hundred and fifty-two and 66-100 acres (1352 66-100), more than one-twentieth part of the whole.

Defendant admits the sale and alleges that through no fault of his the description is faulty and defective; that some of the lands are apparently sold twice under different names and other tracts are entirely omitted. He specially avers that he sold all lands owned by him on Raccourci Island, and that the deed contains one hundred and forty-one and 44-100 acres (141 44-100) over and above the total number contained in the different tracts.

The land is described as follows in the deed:

| | | | |
|---|---|---|---|
| 1. | The Hill and Schlater tract.............containing | 680 | acres |
| 2. | The Burdick tract....................... " | 280 | |
| 3. | The Lake Breeze tract................ " | 640 | |
| 4. | The Wm. Leake tract................ " | 775 | |
| 5. | The Glass tract...................... " | 640 | |
| 6. | The McCajah Barrow tract............ " | 320 | |
| 7. | The Dr. Rigney tract................. " | 2250 | |
| 8. | The Butler Gilbert tract.............. " | 391 | |
| 9. | The Church and Peyton tract......... " | 120 | |
| 10. | The L. Babers tract................. " | 242 | |
| 11. | State lands ......................... " | 241 | |

12. "All batture lands accruing to the above lands and all other lands owned by the vendor on Raccourci Island are hereby transferred to the vendees by this act."

The land was sold, with a number of mules, for the sum of seventeen thousand four hundred dollars ($17,400.00). All parties concerned agree that the price for the mules was two thousand four hundred dollars ($2400.00) and that the price agreed on for the land was fifteen thousand dollars.

The number of tracts delivered presents the first question for determination, and if an insufficient number has been delivered it will be-

come necessary to determine whether the acreage called for can be supplied by including other lands than those specifically referred to by name in the deed.

In reviewing the facts our attention was attracted by defendant's statement as a witness that he said to plaintiffs, who met him to pass the deed, that he did not have a complete description of the land and that plaintiffs, replying, said, "You are selling all the lands on the island. Give as correctly as you can the description of the property"; that there was nothing said at the time about the acreage or specifically about the price of each acre. This is not contradicted by plaintiffs, who testified while the case was on trial.

With reference to the description, the defendant testified that the McCajah Barrow tract is described twice in the act of sale in question; but that this is offset by a larger acreage in land he bought from the State mentioned in the foregoing list of lands as less than it actually contains; that the Hill and Schlater tract, mentioned in the list as containing six hundred and eighty acres (680), contains nine hundred and sixty acres.

In the absence of a survey or of any plat showing the acreage by the least attempt at measurement, we have taken up and examined as best we could the number of acres set forth in each deed under which defendant held at the time of the sale.

In the deed under which defendant held before he sold, the Dr. Rigney tract was divided into four different tracts and each tract was described by boundaries.

Taking up the question of the area of the tract containing six hundred and eighty (680) acres, as per the defendant's deed to plaintiffs, viz, the Hill and Schlater tract, we find that it was bought by the defendant from the parties just mentioned in 1895, and is known as the "Woodland," containing nine hundred and sixty (960) acres, with boundaries given in the deed.

The second tract in the same deed is described as also situated in West Feliciana on Raccourci Island, bounded north by the Woodland. east by P. W. Barrow, south by vendee, west by line of Pointe Coupee. The number of acres in this tract is not stated in the deed.

The next is the Wm. Leake tract. It was sold by defendant as containing seven hundred and seventy-five acres (775). We turn to the deed under which defendant held and find that this was the number of

acres he bought from William Leake in 1888. It is described in the deed as sections 10 and 15, T. 2, S. R. 5, W.

The defendant, vendor to plaintiffs, sold the Ames Webb tract as containing six hundred and forty acres (640) in the deed under which he held dated in 1881. This tract is described as containing the number of acres corresponding with the number he sold. The same is true as to the number of acres in the Glass tract, viz: six hundred and forty acres (640) sold to the defendant at the sale in 1887.

We take it that the Lake Breeze place was bought by the vendor in 1888 from Sheriff Barrow, sold to effect a partition, as it is the only place which measures six hundred and forty-six acres (646), as mentioned in the last deed.

There was a McCajah Barrow title to three hundred and twenty (320) acres bought by defendant in 1890 from the tax collector. We understand that that is the land referred to in defendant's deed to plaintiffs.

There was a two hundred and eighty acre (280) tract bought by defendant in 1890 at tax sale which corresponds to the number sold to plaintiffs and which we understand is the place referred to under the name of Burdick (R. p. 34). The number of acres corresponds and to some extent the name.

The Butler Gilbert tract, we have reason to say, was bought by defendant at tax sale in 1893. (R. p. 36.)

The L. Babers land is referred to in an act of sale by Clack, sheriff of West Feliciana, in 1893, to defendant as belonging to L. L. Babers, and as containing two hundred and forty-two (242) acres. The name and number of acres correspond with the name and number of acres of the tract described above as the Babers tract. (R. p. 37.)

Defendant held patent per certificate 2883, N. S. L., Act 25 of 1894, to one tract of four hundred and twenty-one and 12-100 acres (421.12). (R. p. 39.) Lanier, Register.

The Church and Peyton title is of record and was acquired by defendant in 1899. (R. p. 49.)

The complaint of plaintiff is that the Glass, the McCajah Barrow, and the Butler Gilbert tracts were sold twice because they were in the Dr. Rigney tract. Without including the Dr. Rigney tract, as referred to under that name, we find that plaintiffs have received a number of acres equal to the number bought by them, as will be seen by the following list:

1.  The Ames Webb tract of land, bought in July, 1881.
    (R. p. 15), containing...................... 640   acres
2.  The Wm. Dix tract, bought in July, 1881 (R. p. 16),
    containing ............................... 640   "
3.  The John Crocket tract, bought in July, 1888 (R. p.
    17), containing ........................... 644.56  "
4.  The Glass tract, bought in 1887 (R. p. 20), containing 640   "
5.  The Lake Breeze tract, bought in 1888 (R. p. 31), con-
    taining ................................. 643   "
6.  The Wm. Leake tract, bought in 1888 (R. p. 23), con-
    taining ................................. 775   "
7.  The Burdick place, bought in 1888 (R. p. 27), contain-
    ing two-thirds of.......................... 145   "
8.  The Burdick place, bought in 1888 (R. p. 24), contain-
    ing one-half of two-thirds of.................. 145   "
9.  The Breeze place, bought in 1888 (R. p. 30), containing 646   "
10. The McCajah Barrow place, bought in 1890 (R. p. 32),
    containing ............................... 320   "
11. The Butler Gilbert tract, bought in 1893 (R. p. 35),
    containing ............................... 391.82  "
12. The Darling Babers tract, bought in 1893 (R. p. 37),
    containing ............................... 242   "
13. The land known as the State land, bought in October,
    1894 (R. p. 39), containing.................. 421.12  "
14. The Hill and Schlater land, bought in 1895 (R. p. 40),
    containing ............................... 960   "

We here insert this list in order to avoid further reference to partic-
ular tracts. The deeds of purchase of the defendant show the number
of acres opposite the name of each.

Plaintiffs further urge that the vendees are entitled to the different
tracts and the number of acres contained in each, and that in addition
they are entitled to all the land he owned on Raccourci Island; that if
the vendor had other tracts he bound himself to deliver the other tracts.

This objection finds an easy answer as to a part of the number of
acres in the fact that two of the tracts contain more land than is set
forth in the description in the deed. The Woodland was sold as con-
taining six hundred and eighty acres (680); it contains a larger
amount than nine hundred and sixty acres (960). In addition, the

lands transferred by the State were delivered as amounting to two hundred and forty-one acres (241), while they amount to four hundred and twenty-one and 12-100 acres (421.12). This leaves a deficiency on plaintiffs' theory of four hundred and eighty-nine and 78-100 acres (489.78).

Without including the Dr. Rigney tract and including the three tracts which form a part of the Dr. Rigney tract, that is the Glass, the McCajah Barrow, and the Butler Gilbert tracts, plaintiffs are in possession of as many acres as they bought. Plaintiffs bought all of defendant's lands on the island before named. It included the tracts in question, also the lands not specifically described. The uncontradicted testimony of the defendant renders it clear in our view that it was not intended that defendant should be held to warrant the number of acres in each particular tract. The number of acres sold was six thousand five hundred and seventy-nine (6579). Plaintiffs are in possession of that number. They are not entitled to that number plus other lands owned by the defendant at that time. The deficiency is made up by the tracts containing a larger number than described in the deed and by other lands which the parties did not appear to have in contemplation at the time, but which they included, as we understand, in order to make it certain that defendant would have no right to claim other lands if he owned other lands on the island. It was the purpose to buy all the lands the vendor had in the locality before mentioned.

In one instance (that is in the Hill and Schlater deed) the number of acres of the tract is not given at all, as we have noted, negativing the idea that each tract specially mentioned was bought with reference to the number of acres of the land. This would lead to the inference that all the tracts were sold wiht the view of making up a total number of acres—*i. e.,* the total before mentioned.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is hereby affirmed.